FILED

MAY 24 2005



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
MICHAEL KOCHEL,                           *       CIV. 05-4027
                                          *
        Plaintiff,                        *
                                          *
    vs.                                   *       REPORT AND RECOMMENDATION
                                          *       UPON SCREENING
DARYL SLYKHUIS, Warden,                   *
South Dakota State Penitentiary,          *
in his official and unofficial capacity; and *
PRISON HEALTH SERVICES,                   *
                                          *
        Defendants.                       *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Plaintiff is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He alleged that at the time he was incarcerated on November 8, 2004, he was receiving treament for a broken neck and back (Doc. 1). He was scheduled for an MRI in Bismarck, North Dakota, on November 17, 2004. Although he has repeatedly been told he is scheduled for an MRI he has had no further treatment. For relief he requests assignment to a neurosurgeon to "have an MRI to find out where he is standing medically with this." He also requests compensation for pain and suffering and mental anguish. His complaint has been screened as is required by 28 U.S.C. §1915.

By separate Order he has been granted in forma pauperis status.

### RECOMMENDATION

It is **RECOMMENDED** that his complaint against defendant Slykhuis be dismissed without prejudice. It is **RECOMMENDED** the complaint against defendant "Prison Health Services" be dismissed with prejudice.

## BACKGROUND

Plaintiff filed his complaint on March 2, 2005. He sued Warden Slykhuis in his official and "unofficial" capacities. He also sued "Prison Health Services." While he did not assert his complaint was filed under 42 U.S.C. §1983, the complaint is on the form usually used by prisoners to file §1983 claims. He asserted in the complaint that he has complied with the prison grievance procedure and was told his "case is under review and [he would] get treatment if necessary."

Presuming his complaint is a §1983 complaint, his pleading fails as a matter of law to state a complaint upon which relief can be granted, as is explained below. In the event he intended to file a claim for negligence, which is doubtful, there is no jurisdiction because both diversity of citizenship and the amount in controversy are lacking.

Liberally construed, Plaintiff's Complaint alleges a violation of the Eighth Amendment, brought pursuant to §1983. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a §1983 cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a mere disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. Id., 429 U.S. at 105-06, 97 S.Ct. at 291-92; Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he

suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted).

Even *deliberate* indifference to some medical needs, however, does not result in a violation of the Eighth Amendment right to be free from cruel and unusual punishment. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). A "serious" medical need has been described as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention" (Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)) and as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66, 67 (2nd Cir. 1994), cert. den. 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Also, "only those deprivations denying the minimal civilized measures of life's 'necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Sieter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (citations omitted).

Plaintiff's allegation that he was scheduled for an MRI, but that it hasn't happened, (so he can see where he stands medically regarding his "severe pain") is not sufficient to establish that his current condition qualifies as a serious medical condition which has been deliberately ignored. An MRI is a diagnostic procedure, as distinguished from treatment. He has been told he will receive treatment if necessary. His own allegations fail to show his condition is one which must be treated but which is being deliberately ignored.

3

Furthermore, state officials may be sued in their official capacities, their individual capacities, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). It is presumed that by suing Warden Slykhuis in his "unofficial" capacity plaintiff meant to sue Warden Slykhuis in his individual capacity. State officials sued for monetary relief in their official capacities, however, are not "persons" subject to §1983 liability because suits against these people in their official capacities are in reality suits against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Plaintiff's complaint against Warden Slykhuis in his official capacity, therefore, is a suit for monetary damages against the state and should be dismissed because it fails to state a claim upon which relief can be granted.

To the extent plaintiff has sued Warden Slykhuis in his official capacity for injunction and in his individual capacity both for injunction and damages, there is no respondeat superior liability for supervisors with regard to prisoner deliberate indifference claims. "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Prison officials who lack medical expertise cannot be held liable for the diagnostic decisions of medical staff. Id. The complaint against Warden Slykhuis in his official capacity for injunction and in his individual capacities both for injunction and compensatory damages should be dismissed because it fails to state a claim upon which relief can be granted.

"Prison Health Services is not a proper party to Plaintiff's §1983 lawsuit. See Hallquist v. South Dakota State Penitentiary, 113 F.3d 1238 (8th Cir. 1997)(unpublished)(copy attached).[1] In Hallquist, the Court affirmed the district court's 28 U.S.C. §1915(e) dismissal of the prisoner's

---

[1] Pursuant to the Eighth Circuit's Local Rule 28A(j), Hallquist has no precedential value because it is unpublished. It is cited here because it has persuasive value on a material issue in this case, and the Court has found no published opinion of the Eighth Circuit that would serve as well.

4

lawsuit against the South Dakota State Penitentiary and Prison Health Services because "the prison is immune from section 1983 liability, and Hallquist did not delineate how Prison Health Services was responsible for any alleged constitutional violations . . ." Id. See also, Wynn v. Southward, 251 F.3d 588 (7th Cir. 2001) (Indiana State Prison and Indiana Department of Corrections entitled to Eleventh Amendment immunity from prisoner's § 1983 lawsuit); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989) (Nevada Department of Prisons entitled to Eleventh Amendment immunity from prisoner's § 1983 lawsuit); Hunt v. Dental Department, 865 F.2d 198, 200-01 (9th Cir. 1988) ("[t]he Dental Department of the Arizona State Prison at Florence is part of the Arizona Department of Corrections, a state agency, and it is immune from actions brought under section 1983." ).

Additionally, §1983 claims may only be brought against "persons" who, under color of state law, subject others to the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 166, 167 n.14, 105 S.Ct. 3099, 3106 n. 14, 97 L.Ed.2d 114 (1985). Plaintiff's complaint against the "Prison Health Services" should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

The complaint against Warden Slykhuis in his official capacity is a claim against the state for monetary damages. It should be dismissed because as a matter of law plaintiff cannot recover compensatory damages under §1983 against the state. The complaint against Warden Slykhuis in his official capacity for injunction and in his individual capacities for injunction and compensatory damages should be dismissed because as a matter of law there is no vicarious (supervisory) liability

5

under §1983. The claim against "Prison Health Services" should be dismissed because "Prison Health Services" is a state agency and the state is immune from suit. "Prison Health Services" is not a "person" under §1983, so for that reason as well Prison Health Services should be dismissed. Plaintiff has failed as a matter of law to state any claim upon which relief can be granted.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 24th day of May, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Sharon Lure, Deputy
(SEAL)

6